United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-51045
Summary Calendar
_____

MARY J. COUNTS; JILL A. MARANGONI,

Plaintiffs-Appellants,

versus

EDMUNDO GUEVARA; UNITED STATES
OF AMERICA,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 3:01-CV-367-DB)
_____

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

    We affirm the district court's dismissal of Counts's suit for lack of subject matter

jurisdiction for the following reasons:

---

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1. We find no clear error in the district court's determination that, under Texas law, original defendant Edmundo Guevara was acting within the scope of his employment by the Federal Bureau of Investigation when he made the allegedly defamatory remarks that are the basis of this lawsuit. *See Minyard Food Stores, Inc. v. Goodman,* 80 S.W.3d 573, 577-79 (Tex. 2002).

2. Because Guevara was acting within the scope of his federal employment in making the remarks, the United States was properly substituted as a party in place of federal employee Guevara pursuant to the Federal Employees Liability and Reform and Tort Compensation Act of 1988 (Westfall Act). 28 U.S.C. § 2679(d)(1)—(2). Pursuant to the Westfall Act, upon substitution, the case fell under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671 et seq.

3. The claimed defamatory conduct of federal employee Guevara falls within the "libel and slander" exception to the FTCA divesting the court of subject matter jurisdiction over the United States. 28 U.S.C. § 2680(h).

4. We note Appellants' complaint of the district court's conversion of the Government's 12(b)(1) motion to dismiss to a Rule 56 motion for summary judgment. Because we find that the district court did not err in weighing the evidence related to the scope-of-employment issue under either standard, we do not reach this issue.

Affirmed.